UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Erik Becerra,<br><br>Defendant. | Case No. 15-cr-00187(1) (SRN/DTS)<br><br>**ORDER** |

Erik Becerra, Reg. No. 18590-041, Federal Medical Center, PMB 4000, Rochester, MN 55903-4000, Pro Se.

Bradley M. Endicott, Craig R. Baune, and Lindsey E. Middlecamp, United States Attorney's Office, 300 S. 4th Street, Suite 600, Minneapolis, MN 55415, for the Government.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Erik Becerra's Pro Se Motion to Vacate Under 28 U.S.C. § 2255 ("Motion to Vacate") [Doc. No. 248], the Government's Motion to Dismiss Mr. Becerra's Motion as Time-Barred [Doc. No. 252], and Mr. Becerra's Pro Se Motion to Expunge Under 28 U.S.C. § 2255 Under Tolling and 2255(f)(2) and Glock 21 Act ("Motion to Expunge") [Doc. No. 253]. For the following reasons, the Court grants the Government's Motion and dismisses Mr. Becerra's Motions with prejudice.

1

I.  **BACKGROUND**

In December 2017, Mr. Becerra was convicted by jury of being a Felon in Possession of a Firearm and Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1). [Doc. No. 126.] The Court sentenced him to an 80-month term of imprisonment, (*See* Sentencing J. [Doc. No. 177] at 1–2), and he is currently incarcerated at the Federal Medical Center located in Rochester, Minnesota. *Find an inmate*, Fed. Bureau of Prisons, *available at* https://www.bop.gov/inmateloc//.

Mr. Becerra appealed his conviction and sentence to the Eighth Circuit, which upheld both on May 7, 2020. *United States v. Becerra*, 958 F.3d 725, 732 (8th Cir. 2020). Next, the United States Supreme Court denied Mr. Becerra's petition for a writ of certiorari on January 11, 2021. *Becerra v. United States*, 141 S. Ct. 1081 (2021).

Mr. Becerra filed his Motion to Vacate on May 4, 2023 and Motion to Expunge on July 17, 2023. [Doc. Nos. 248, 253.] In his Motion to Vacate, Mr. Becerra argues that his conviction is illegal under the "Glock-21 Act of Congress," which he asserts prohibits the government from taking the guns of Navy Seals like himself. (Motion to Vacate at 1.) He also claims that he has completed his 80-month sentence. (*Id.*) The Government contends that Mr. Becerra's motion is time-barred, and, in the alternative, lacks substantive merit. (Gov.'s Mot. at 1–4.)

Although styled as a Motion, Mr. Becerra's Motion to Expunge addresses the Government's arguments and is therefore best understood as a responsive brief. (*See* Motion to Expunge at 1–2.) There, Mr. Becerra explains that his placement in segregation for 27 months prevented him from reviewing legal materials and that upon his release from

2

segregation he discovered new authority to support his claim. (*Id.*) He urges the Court to apply equitable tolling. (*Id.* at 2.)

## II.   DISCUSSION

### A.  Statute of Limitations

Section 2255 motions are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). The limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). There is no question that Mr. Becerra's Motion to Vacate is untimely: his conviction became final when the Supreme Court denied certiorari on January 11, 2021 and he filed his Motion on May 4, 2023, more than a year past the limitations date of January 11, 2022.[1] *United States v. McIntosh*, 332 F.3d 550, 550 (8th Cir. 2003) (explaining that a conviction becomes final when the Supreme Court denies certiorari).

Although the limitations period may be equitably tolled, such lenience is only available where the movant shows "(1) that he has been pursuing his rights diligently, and

---

[1] Mr. Becerra appears to argue that the limitations period began to run upon his release from segregation, when he "discovered legal cases that allow him to litigate." (Motion to Expunge at 2.) The Court will not consider an alternate limitations period under 2255(f)(2) or (f)(3) because Mr. Becerra provides no cases to substantiate this claim.

3

(2) that some extraordinary circumstance stood in his way and prevented timely filing." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). It thus offers "an exceedingly narrow window of relief." *Chachanko v. United States*, 935 F.3d 627, 629 (8th Cir. 2019) (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)).

In *Muhammad*, the Eighth Circuit rejected a defendant's five-month confinement in a Special Housing Unit as constituting an extraordinary circumstance. *Id.* It reasoned that the defendant had access to paper and writing materials during that time and did not claim that he was prohibited from sending mail or contacting the court. *Id.* Here, true, Mr. Becerra's period in segregation exceeds the five-month confinement in *Muhammad*. But Mr. Becerra has not even specified the dates of his segregation, let alone provided evidence that he was deprived of writing materials or prohibited from contacting the Court during that time. (*See generally* Motion to Vacate; Motion to Expunge.) Other district courts in this Circuit, following *Muhammad*, have declined to allow equitable tolling under similar circumstances. *See, e.g.*, *Vasquez v. United States*, Nos. C 14-3015-MWB and CR 07-3039-MWB, 2014 WL 2195744, at *5–6 (N.D. Iowa May 27, 2014) (holding that that defendant's release from the Special Housing Unit more than two years after the limitations period expired did not excuse the untimeliness of his Section 2255 motion).

Furthermore, as a general matter, "equitable tolling [i]s not proper when an unrepresented prisoner claim[s] lack of legal resources." *Muhammad*, 735 F.3d at 815 (citing *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000)); *see also United States v. Llamas-Delgado*, No. 22-cv-1920 (JNE), 2022 WL 14004829, at *2 (D. Minn. Oct. 24,

4

2022) (slip copy) (holding that equitable tolling was not warranted where lockdowns during the COVID-19 pandemic limited the defendant's access to legal resources). The Court therefore finds that Mr. Becerra has failed to demonstrate that extraordinary circumstances prevented him from timely filing his Section 2255 Motion to Vacate.

Lastly, equitable tolling would not save Mr. Becerra's Motion to Vacate from its central defect: it has no basis in law. Congress has not enacted a "Glock 21 Act" and Mr. Becerra cites no other legal authority to overturn his conviction. (*See* Motion to Vacate; Motion to Expunge.) As untimely and unsupported on the merits, Mr. Becerra's Motions will be dismissed.

### B. Certificate of Appealability

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered whether the issuance of a certificate is appropriate here and finds that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994) (citing *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). Accordingly, the Court declines to issue a certificate of appealability.

### III.  CONCLUSION

Accordingly, based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Mr. Becerra's Pro Se Motion to Vacate Under 28 U.S.C. § 2255 [Doc. No. 248] is **DISMISSED WITH PREJUDICE**;

2. Mr. Becerra's Pro Se Motion to Expunge Under 28 U.S.C. § 2255 Under Tolling and 2255(f)(2) and Glock 21 Act [Doc. No. 253] is **DISMISSED WITH PREJUDICE**; and

3. The Government's Motion to Dismiss [Doc. No. 252] is **GRANTED**.

4. The Court declines to issue a Certificate of Appealability.


Dated: August 22, 2023

s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge