UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Erik Becerra,<br><br>Defendant. | Case No. 15-cr-00187(1) (SRN/DTS)<br><br><br>**ORDER** |

Erik Becerra, Reg. No. 18590-041, Federal Medical Center Rochester, P.O. Box 4000, Rochester, MN 55903-4000, Pro Se.

Craig R. Baune, Bradley M. Endicott, and Lindsey E. Middlecamp, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for the Government.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Erik Becerra's Pro Se Jurisdiction Motion under 28 U.S.C. § 2255 ("Jurisdiction Motion") [Doc. No. 257], and Mr. Becerra's Pro Se Motion for a Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Habeas Motion") [Doc. No. 258]. For the following reasons, the Court denies Mr. Becerra's motions.

**I.    BACKGROUND**

In December 2017, Mr. Becerra was convicted by jury of being a Felon in Possession of a Firearm and Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1). (Verdict [Doc. No. 126].) The Court sentenced him to an 80-month term of imprisonment (Sentencing J. [Doc. No. 177]), and he is currently incarcerated at the

1

Federal Medical Center located in Rochester, Minnesota. *Find an inmate*, Fed. Bureau of Prisons, *available at* www.bop.gov/inmateloc/ (last accessed March 11, 2024).

Mr. Becerra appealed his conviction and sentence to the Eighth Circuit, which upheld both on May 7, 2020. *United States v. Becerra*, 958 F.3d 725, 732 (8th Cir. 2020). He then filed a petition for a writ of certiorari to the United States Supreme Court, which the Supreme Court denied on January 11, 2021. *Becerra v. United States*, 141 S. Ct. 1081 (2021).

Mr. Becerra filed a motion to this Court on May 4, 2023, requesting that the Court vacate his sentence under 28 U.S.C. § 2255. (Motion to Vacate [Doc. No. 248].) He also filed a motion to expunge his sentence on July 17, 2023. (Motion to Expunge [Doc. No. 253].) The Government filed a motion to dismiss his Motion to Vacate as time barred on July 10, 2023. (Motion to Dismiss [Doc. No. 252].) On August 22, 2023, this Court granted the Government's Motion to Dismiss, and dismissed both of Mr. Becerra's motions with prejudice. (August 22, 2023 Order [Doc. No. 255].)

Mr. Becerra filed his Jurisdiction Motion on August 28, 2023. He argues in this motion that the Court lacked jurisdiction to enter judgment against him, and that accordingly his judgment should be vacated and his case remanded to a military court. He acknowledges in his motion that this is his second motion under 28 U.S.C. § 2255. (Jurisdiction Motion at 2.) Mr. Becerra filed his Habeas Motion on December 22, 2023, which he calls a "Second Great Writ of Habeas Corpus 28 U.S.C. § 2254." In the Habeas Motion, he again argues that his case should have been handled by a military court. He

2

further argues that his firearm possession, which underlies his convictions, was for self-protection. (Habeas Motion.)

## II. DISCUSSION

### A. Jurisdiction Motion

Federal inmates may move the court that sentenced them to vacate, set aside, or correct its original sentence by petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. The movant bears the burden to prove each ground entitling relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019).

Before a district court may entertain a second or successive motion to vacate a sentence under § 2255, the motion "must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Section 2244 provides that the court of appeals "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C).

Mr. Becerra acknowledges in his Jurisdiction Motion that "this is my second 28 U.S.C. 2255 [*sic*]." Under the statute, the Court cannot consider such a motion without express authorization by a panel of the United States Court of Appeals for the Eighth Circuit. *See* 28 U.S.C. § 2244. Mr. Becerra does not allege or provide proof that he ever made such a request, or received such authorization. When an inmate files a second or successive § 2255 motion without the authorization required by the statute, the district court must dismiss the motion. *See Rouse v. United States*, 14 F.4th 795 (8th Cir. 2021)

(affirming the dismissal of motions "because they were second or successive claims for § 2255 relief that had not been authorized by the court of appeals under § 2244(b)(3).").

### B. Habeas Motion

Mr. Becerra's Habeas Motion is brought under 28 U.S.C. § 2254. Section 2254 only applies to inmates "in custody pursuant to the judgment of a State court," and provides federal remedies only for relief from state convictions. 28 U.S.C. § 2254(a). As noted above, Mr. Becerra is serving a federal sentence in a federal correctional facility, for his convictions for federal offenses. He does not argue otherwise. Accordingly, the Court must dismiss his § 2254 petition. To the extent that the Court construes his Habeas Motion under §2255, it is denied and dismissed as a second or successive § 2255 motion filed without authorization, for the reasons stated above.

### C. Certificate of Appealability

A § 2255 petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A Certificate of Appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, a district court denies a habeas petition on procedural grounds, a Certificate of Appealability should issue when the petitioner shows, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When a plain procedural bar is present and the district court is correct to invoke it to

dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*; *see also Langley v. Norris*, 465 F.3d 861, 862–63 (8th Cir. 2006).

Here, Mr. Becerra's § 2255 motion is precluded by a plain procedural bar—the statute bars district courts from considering any second or successive § 2255 petition without authorization from a panel of the court of appeals. Accordingly, he is not entitled to a Certificate of Appealability.

### III.    ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Mr. Becerra's Pro Se Jurisdiction Motion [Doc. No. 257] is **DISMISSED WITH PREJUDICE**;

2. Mr. Becerra's Pro Se Motion for a Writ of Habeas Corpus [Doc. No. 258] is **DISMISSED WITH PREJUDICE**; and

3. The Court declines to issue a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 12, 2024                                         /s/ Susan Richard Nelson
                                                              SUSAN RICHARD NELSON
                                                              United States District Judge